By the Court.—Van Vorst, J.
We are of opinion that there was an absolute sale of the stock to Rockwell, for the consideration expressed in the written memoranda, and which was paid by the vendee. That feature distinguishes this case from Wright v. Wood (57 Barb. 471). In that case there was no sale of the stock to the defendant.
This case, as was suggested by Sanfobd, J., below, falls within Lorillard v. Silver (36 N. Y. 379), and. is decided by it. We are of opinion that the sale of the stock by the defendant, the representative of the vendee, cannot, upon the facts found, be hastened by the plaintiff. The legal title to the shares, with the absolute and exclusive right to dispose of same, passed to *70 the vendee, and is not liable to be interfered Avith by the vendor, as to the time Avhen, or the price at which, the same shall be sold.
The vendee could have sold at any time after he acquired title,' had his exigencies demanded it, although he should fail to realize even Avhat he paid for the same, without accountability to the vendor, Avho could not have been called upon to bear any portion of the loss. On the other hand, the vendee, and those who now represent him, if they concluded it was most prudent to hold the property in the expectation of a further appreciation, should not be restrained from the exercise of their judgment and discretion in that regard.
We should not, through a judicial sale, ordered against the opposition of those who own the stock, frustrate their expectation of a further advance in the value of the property.
We cannot accept the conclusion that Rockwell received or held the stock in trust, and the plaintiff, as a beneficiary, can compel its sale at such time as he may elect. Such trust relation is in direct opposition to the terms of the memoranda made at the time of the transfer, which are clear and unambiguous.
But Avhenever the holder shall elect to sell, and as to the time, he is to be the exclusive'judge, and should there be realized on the sale any sum over and above what Rockwell had for the shares, then and not until then can the plaintiff interpose any just claim, and that for his proportion of the excess.
We cannot perceive that the plaintiff, under the facts found by the j udge at special term, is entitled to any accounting with respect to the one hundred and forty shares of stock surrendered to the Lead Company, or the proceeds of the two bonds secured in exchange therefor.
In addition to the surrender of the one hundred *71 and forty shares, to which the plaintiff assented, Rockwell paid in money §600. It is found by the judge at special term that there was no understanding or agreement that the plaintiff should be interested in the bonds, or that Rockwell should hold the bonds upon any trust.
' In no event has there been any such sum realized by the defendant as to justify any accounting, by the terms of the memoranda in writing. We find no error in the rulings of the judge at special term ; and for the reasons above expressed, as well as those quite clearly stated in the opinion of Sanford, J., at special term, the judgment appealed from should be affirmed.
Speer, J., concurred.